# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| In the Matter of the Complaint | : |
| of | : CIVIL ACTION NO.: |
| | : |
| | : **COMPLAINT** |
| MATTHEW CARSON, as Owner of the vessel | : |
| TAMMY LYNN, a 2005 28' Mako Model 284CC | : |
| (HIN: MRKTM064C505) for Exoneration from or | : |
| Limitation of Liability | : |

Petitioner, MATTHEW CARSON ("Petitioner" or "CARSON") as Owner of the TAMMY LYNN (the "vessel"), brings this action for exoneration from and limitation of liability pursuant to Title 46 U.S.C. § 30501 et seq. (formerly 46 U.S.C. App. § 183) and Supplemental Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims, and alleges the following upon information and belief:

## JURISDICTION/VENUE

FIRST: This Court has jurisdiction over this cause of action pursuant to the provisions of Article III, Section 2 of the United States Constitution and Title 28 U.S.C. §1333. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

SECOND: Venue is properly laid in this district in accordance with Supplemental Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims, inasmuch as the vessel is located in Cape May County, New Jersey, and has not been attached or arrested and no suits have been commenced against the Petitioner to date.

## THE PARTIES

THIRD: At all relevant times, Petitioner was and is the owner of the vessel and has a place of residence in Landisville, New Jersey.

FOURTH: Joseph Sandefur was a passenger onboard the vessel on July 11, 2015.

## THE LIMITATION OF LIABILITY PETITION

FIFTH: At and during all times mentioned herein, the Petitioner was the sole owner of the vessel.

SIXTH: On or about July 11, 2015, while the vessel was operating in the area of the Cape May inlet, New Jersey, the vessel unexpectedly encountered wake(s) and/or wave(s) which allegedly caused Joseph Sandefur to fall off of his seat and sustain injuries.

SEVENTH: By letter dated July 23, 2015, Joseph Sandefur provided Written Notice of Claim for injuries he allegedly sustained on the vessel on July 11, 2015. The letter was sent by Vincent van Larr of the law firm Bochetto & Lentz, P.C.

EIGHTH: At and during all times mentioned herein, the Petitioner exercised due diligence to make the vessel seaworthy in all respects.

NINTH: If any loss, damage, injury or death was sustained by Joseph Sandefur as aforesaid, such loss, damage, injury or death was in no way caused by fault, negligence, recklessness or want of due care on the part of the vessel, Petitioner or parties for whom they may be held responsible. Rather, any such loss, damage, injury or death was occasioned and incurred wholly without the fault, privity or knowledge of the Petitioner.

TENTH: It is anticipated that Joseph Sandefur will seek damages in an amount that will exceed the total sum or sums for which Petitioner may be legally responsible or may be required to pay under applicable statutes and laws governing exoneration from and limitation of liability. All claimants and suitors of whom Petitioner has knowledge as of the time of filing this Petition are named in Paragraph FOURTH above.

ELEVENTH: The vessel has a sound market value of Forty Thousand United States Dollars ($40,000.00), currently and at the time of the July 11, 2015, incident. Petitioner offers herewith an Ad Interim Stipulation of Value in the amount of Forty Thousand United States Dollars ($40,000.00).

TWELFTH: This Complaint is filed within six (6) months from the date the Petitioner first received written notice of claim regarding the aforesaid casualty.

THIRTEENTH: Petitioner claims exoneration from, and/or limitation of liability for, any alleged loss, damage, injury or death occasioned by the aforesaid incident and for all claims which may hereafter be made and alleges that it has valid defenses thereto both on the facts and on the law.

FOURTEENTH: Petitioner claims the benefits of the limitation of liability provided in Title 46, United States Code, §30501 et seq. (formerly Title 46 United States Code, § 183 et seq.), and pursuant to Supplemental Rule F(1) of the Supplemental Rules for Certain Admiralty and Maritime Claims, has deposited with the Court, for the benefit of claimants, a sum equal to the amount or value of the vessel and pending freight.

WHEREFORE, Petitioner prays that this Honorable Court:

1. Issue an order directing the issuance of a Notice to all persons claiming damages for any and all loss, damage, injury or death caused by or resulting from the aforesaid incident, directing each of them to appear and make due proof of their respective claims, and also to appear and answer the allegations of this Petition according to the law and practice of this Court on or before a certain time to be fixed by said monition;

2. Issue an order restraining the further prosecution of any and all actions, suits and legal proceedings to be commenced or already begun, if any, to recover damages from

- 4 -

the Petitioner for any and all loss, damage, injury or death caused by or resulting from the aforesaid incident and restraining the commencement or prosecution thereafter of any such action, suit or legal proceeding of any nature or description whatsoever in any jurisdiction, except in the proceeding herein, against the Petitioner, its agents or representatives, or against the vessel in respect of any claim or claims arising out of the aforesaid incident;

       3.     Adjudge and decree that the Petitioner is not liable to any extent, for any loss, damage, injury or death, or for any claim therefor in any way arising out of the aforesaid incident;

       4.     That if the Petitioner should be adjudged liable to any extent in the premises, then such liability should be limited to the amount or value of the vessel immediately following said incident, and that the Petitioner be discharged therefrom upon the surrender of said value and that the money surrendered, paid or secured to be paid as aforesaid, be divided <u>pro rata</u> according to the pertinent federal statutes among such claimants as may duly prove their claims in accordance with the aforesaid provisions, saving to all parties any priorities to which they may legally be entitled and that a decree may be entered discharging the Petitioner and the vessel from all further liability; and

       5.     That the Petitioner may have such other, further and different relief as may be just and proper.

- 5 -

Dated: New York, New York
October 9, 2015

                                      NICOLETTI HORNIG & SWEENEY
                                      Attorneys for Petitioner
                                      MATTHEW CARSON

                                      By: /s/ Guerric S.D.L. Russell
                                         Guerric S.D.L. Russell
                                         505 Main Street, Suite 106
                                         Hackensack, New Jersey 07601
                                         Tel: 201-343-0970
                                         Fax: 201-343-5882
                                         E-mail: grussell@nicolettihornig.com
                                         (FILE No.:00001202 GSR)

X:\Public Word Files\1\556\Legal\COMPLAINT.sa.doc