## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| In the Matter of the Complaint<br><br>of<br><br>MATTHEW CARSON, as Owner of the vessel<br>TAMMY LYNN, a 2005 28' Mako Model 284CC<br>(HIN: MRKTM064C505) for Exoneration from or<br>Limitation of Liability | 15 Civ. 07388-NLH-KMW |

## CLAIMANTS' ANSWER, DEFENSES AND CLAIM PURSUANT TO RULE F(5) OF THE SUPPLEMENTAL RULES FOR ADMIRALTY OR MARITIME CLAIMS OF THE FEDERAL RULES OF CIVIL PROCEDURE

Joseph and Kathleen Sandefur ("Claimants" or "Mr./Mrs. Sandefur"), by and through undersigned counsel Bochetto & Lentz, P.C. ("B&L") hereby respond and submit the following Answer, Defenses and Claim to the Complaint of Matthew Carson ("Petitioner Carson") for Exoneration or Limitation of Liability, and in support thereof aver as follows:

### ANSWER

**FIRST:** Denied as a conclusion of law to which no further response is required. To the extent a response is required, Claimants deny the allegations in this paragraph.

**SECOND:** Claimants have no information as to the truthfulness of the assertions herein and strict proof thereof is demanded at trial. To the extent a response is required, Claimants deny the allegations in this paragraph.

**THIRD:** Admitted that Petitioner is the owner and the operator of the vessel that was involved in the incident involving Claimant.

**FOURTH:** Admitted that Claimant, Mr. Sandefur, was a passenger onboard the vessel at issue on July 11, 2015.

FIFTH:          Claimants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and, therefore, deny the same.

SIXTH:          Claimants deny the allegations of this paragraph, insofar as it grossly minimizes Petitioner Carson's negligent operation of the vessel and the severe injuries sustained by Claimant, Mr. Sandefur.

SEVENTH:          Claimants admit the allegations of this paragraph insofar they are consistent with a letter dated July 23, 2015, which is a document that speaks for itself.

EIGHTH:          Claimants deny the allegations of this paragraph. By way of further response, Petitioner who is the owner and operator of the vessel at issue was negligent in the operation of his vessel at the time of this incident.

NINTH:          Claimants deny the allegations of this paragraph as a conclusion of law to which no response is required.  By way of further response, Petitioner was negligent in the operation of his vessel and was privy to said negligent conduct as he was operating the vessel at the time of this incident.

TENTH:          Claimants deny the allegations of this paragraph.

ELEVENTH:          Claimants deny the allegations of this paragraph as conclusions of law to which no response is required. To the extent a further response is required, Claimants state that their claim for damages against Petitioner will be in excess of the putative value of the vessel as stated in Petitioner's Stipulation of Value.  Moreover, Petitioner Carson is not entitled to exoneration from or limitation of liability in these proceedings because Claimants' injuries and damages arising out of the voyage of the TAMMY LYNN, on July 11, 2015, were caused solely by the fault and negligence of Petitioner Carson, who, by definition, had privity and knowledge of the negligent acts because he was the *sole operator* of the vessel when the incident

occurred and personally participated in his negligent conduct. Therefore, limitation of liability under 46 U.S.C. § 30501 *et seq.* is unavailable and in appropriate.

TWELFTH:        Denied as a characterization of a filing which speaks for itself.

THIRTEENTH:        Denied as conclusion of law to which neither admission nor denial is required. To the extent a response is required, Claimants deny the allegations in this paragraph.

FOURTEENTH:        Denied as a conclusion of law to which neither admission nor denial is required. To the extent a response is required, Claimants deny the allegations in this paragraph.

## DEFENSES

### FIRST DEFENSE

The petition fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Petitioner Carson is not entitled to exoneration from or limitation of liability in these proceedings because Claimants' injuries and damages arising out of the voyage of the TAMMY LYNN, on July 11, 2015, were caused solely by the fault and negligence of Petitioner Carson, who, by definition, had privity and knowledge of the negligent acts because he was the *sole operator* of the vessel when the incident occurred and personally participated in his negligent conduct. Therefore, limitation of liability under 46 U.S.C. § 30501 *et seq.* is unavailable and in appropriate.

### THIRD DEFENSE

Claimants aver that the security posted herein is legally insufficient due to its failure to include the true market value of the TAMMY LYNN and pending freight. Therefore, the value of Petitioner's limitation is inadequate. The value of the TAMMY LYNN and pending freight is

3

far greater than the security and *ad interim* stipulation. Consequently, pursuant to 46 U.S.C. § 30501 *et seq.*, as well as supplement Rule F(7), the limitation of liability proceeding should be dismissed.

### FOURTH DEFENSE

The Limitation of Liability Act, 46 U.S.C. § 30501, *et seq.*, is discriminatory in that it favors the vessel owner over the limitation claimant, and, therefore, deprives the limitation claimant of property rights without due process of law in violation of the Fifth and Fourteenth Amendments to The Constitution of the United States.

### FIFTH DEFENSE

The Limitation of Liability Act, 46 U.S.C. § 30501, *et seq.*, is unconstitutional because the law deprives limitation claimants of the right to trial by jury guaranteed by the Seventh Amendment to The Constitution of the United States and other applicable laws.

### SIXTH DEFENSE

Claimants hereby reserve all rights to pursue claims in the forum of their choice, pursuant to 28 U.S.C. §§ 1332, 1333, the Savings to Suitors Clause, and all other applicable constitutional or statutory provisions, and, in no way, do Claimants waive or abrogate their rights by filing an answer and claim in this limitation proceeding, including the right to a jury trial on all claims and causes of actions triable to a jury.

### SEVENTH DEFENSE

Petitioner has failed to establish subject matter jurisdiction under 28 U.S.C. § 1333.

## DEFENSES RESERVED

Claimants hereby give notice that they intend to rely upon any other defenses that may become available or apparent during the discovery proceedings in this matter and hereby reserves the right to amend their Answer and Claim and to assert any such defense.

**WHEREFORE,** Claimants pray that this Court dismiss the Petition with prejudice and that the court deny the relief requested by Petitioner Carson in its entirety. Moreover, Claimants pray that the Court award Claimants their costs and attorneys' fees, together with such other and further relief as this Court deems just and proper.

## CLAIM

Claimants, Joseph and Kathleen Sandefur, h/w, through undersigned counsel, and in accordance with the provisions of supplemental Rule F(5) of the Federal Rules of Civil Procedure, state as follows:

1.     On July 11, 2015, Claimant, Joseph Sandefur, paid three hundred dollars and participated in the 22nd Annual Duke of Fluke Tournament, a fishing tournament off the coast of Cape May, New Jersey.

2.     Petitioner Carson provided the services of the TAMMY LYNN, including his captaining services, bait, and gas, in exchange for Sandefur paying the application fee.

3.     At all times material hereto, Petitioner Carson—as captain of the TAMMY LYNN—had a duty to operate the vessel in a reasonably safe manner for all passengers, including Mr. Sandefur.

4.     Petitioner Matthew Carson, however, in direct violation of said duty, negligently operated the TAMMY LYNN, so as to create an unreasonably dangerous condition for Mr. Sandefur.

5.     Upon returning to shore, Petitioner Carson approached the Cape May inlet at the unreasonably fast speed of approximately thirty-five (35) miles per hour.

6.     At this time, Mr. Sandefur was sitting in the seated area in front of the TAMMY LYNN's steering console, while Petitioner Carson was operating the TAMMY LYNN from behind the console.

7.     At all times material hereto, Mr. Sandefur was using reasonable care for his own safety as he was sitting in a lawful and reasonable position within the TAMMY LYNN.

8.     At all times material hereto, Petitioner Carson knew or should have known that guests and other invitees on the TAMMY LYNN would be seated in the area in front of the steering console.

9.     While approaching the crowded inlet, Petitioner Carson operated the TAMMY LYNN at an unreasonably fast speed because other boats were in the area and sought to return the TAMMY LYNN to shore in a braggadocios manner.

10.    Petitioner Carson negligently operated the TAMMY LYNN in an unreasonable manner because, inter alia, the water near the inlet was choppy and other watercrafts were in the area.

11.    Petitioner Carson's reckless and unreasonable operation of the TAMMY LYNN was objectively unnecessary because, inter alia, the fish caught by the group were not big enough for the competition's weigh in, and, thus, no rush was necessary to submit a winning entry.

12.    As a direct and proximate result of Petitioner Carson's unsafe boating, the TAMMY LYNN hit a wake, causing the boat to jump at least fifteen (15) in the air, and ultimately landing back into the water with significant force.

13.     As a direct and proximate result of Petitioner Carson's negligence, Mr. Sandefur sustained severe and permanent injuries when he was thrown from his seat, then fell and fractured his back.

14.     As a direct and proximate result of Petitioner Carson's negligent operating of the Tammy Lynn, Mr. Sandefur was thrown from his seat, landed hard on his buttocks, and fell forward.

15.     As a direct and proximate result of Petitioner Carson's negligent operating of the Tammy Lynn, Mr. Sandefur suffered a compression fracture of his lumbar spine.

16.     In the moments immediately following the incident, Mr. Sandefur was in extreme pain.

17.     Mr. Sandefur also immediately began to suffer from a numb left leg, urinated on himself and began to vomit immediately after the incident.

18.     Petitioner Carson failed to provide any warnings that hitting wake at a high speed may cause passengers seated in the area in front of the steering console to be thrown into the air.

19.     Upon finally arriving on shore, Mr. Sandefur was picked up by his wife, Kathleen Sandefur.

20.     While in route home, Mr. Sandefur continued to experience extreme pain and vomited once more.

21.     In the time since the incident, Mr. Sandefur has undergone painful and dangerous spinal surgery.

22.     Mr. Sandefur's physicians have determined further spinal surgery will be necessary.

23.     As a direct and proximate result of Petitioner Carson's negligent conduct, Mr. Sandefur has suffered—and will continue to suffer—severe back pain, invasive surgeries and stress.

24.     As a direct and proximate result of Petitioner Carson's negligent conduct, Mrs. Sandefur has lost and continues to lose the services, comfort and assistance of her husband, Mr. Sandefur.

25.     As a direct and proximate result of Petitioner Carson's negligent conduct, Mr. Sandefur has incurred economic damages including past and future medical expenses.

26.     Claimants' damages far exceed the limitation fund.

<b><u>JURY DEMAND</u></b>

Claimants are entitled to a trial by jury in this matter.

<b><u>PRAYER FOR RELIEF</u></b>

**WHEREFORE,** Claimants Joseph and Kathleen Sandefur request the following relief:

A.     That the Court dismisses the Petition with prejudice and that the Court denies the relief requested by Petitioner Carson in its entirety for the reasons asserted in Claimants' defenses herein;

B.     That the Court dissolves the injunction and allows Claimants to try the issues of negligence and damages to a jury in state court;

C.     Should the Court retain jurisdiction of this matter that the Court enters judgment and award Claimants damages, interest, costs and expenses, and such other relief, as the Court deems appropriate.

Respectfully submitted,

**BOCHETTO & LENTZ, P.C.**

Dated:  4-4-16

By:

Gavin P. Lentz, Esquire
Vincent van Laar, Esquire
*Attorneys for Claimants*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

In the Matter of the Complaint

of

MATTHEW CARSON, as Owner of the vessel
TAMMY LYNN, a 2005 28' Mako Model 284CC
(HIN: MRKTM064C505) for Exoneration from or
Limitation of Liability

15 Civ. 07388-NLH-KMW

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a true and correct copy of the foregoing pleading was filed electronically through this Court's ECF System and is available for viewing and downloading from this Court's ECF System. I further certify that an electronic copy of the foregoing was served upon all counsel of record through this Court's ECF System:

Guerric S.D.L. Russell, Esquire
NICOLETTI HORNIG & SWEENEY
505 Main Street, Suite 106
Hackensack, NJ 07601

BOCHETTO & LENTZ, P.C.

Dated: 4-4-16

By:
Gavin P. Lentz, Esquire
Vincent van Laar, Esquire
*Attorneys for Claimants*