UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In the Matter of the Complaint : | |
| : | CIVIL ACTION |
| Of : | |
| : | NO: 07388-N-LH- KMW |
| MATTHEW CARSON, as Owner of the vessel : | |
| TAMMY LYNN, a 2005 28' Mako Model 284CC : | Honorable Judge |
| (HIN: MRKTM064C505) for Exoneration from or : | Karen M. Williams |
| Limitation of Liability : | |

**JOINT PROPOSED DISCOVERY PLAN**

The parties by and through undersigned counsel hereby submit the following Joint Discovery Plan;

**I.     PARTIES AND ATTORNEYS APPEARING FOR EACH**

       Claimants, Joseph and Kathleen Sandefur
       Gavin P. Lentz, Esquire
       Vincent van Laar, Esquire
       Bochetto & Lentz, P.C.
       1230 Brace Road
       Cherry Hill, NJ 08034
       856-722-9595
       856-722-5511
       glentz@bochettoandlentz.com
       vvanlaar@bochetttoandlentz.com

       Petitioner, Matthew Carson as Owner of the vessel Tammy Lynn
       Guerric S.D.L. Russell, Esquire
       **Nicoletti Hornig& Sweeney**
       505 Main Street, Suite 106
       Hackensack, NJ 07601
       (201) 343-0970
       (201) 343-5882 (f)
       grussell@nicolettihornig.com

**II.     BRIEF DESCRIPTION OF CASE INCLUDING CAUSES OF ACTION AND AFFIRMATIVE DEFENSES**

   a. This matter involves a boating incident that occurred on July 11, 2015 when Claimant Joseph Sandefur got injured during a fishing trip. Claimant alleges that Matthew Carson who is the owner, operator and captain of the vessel Tammy Lynn was negligent when he was operating the Tammy Lynn too fast for the prevailing conditions. As a direct result of his conduct, the Tammy Lynn hit a wake, went air born and landed back on the water with such a significant force, causing serious injuries to Claimant, which required numerous surgical operations.

   b. Petitioner Matthew Carson as the owner and captain of the vessel Tammy Lynn denies the claims of negligence and seeks exoneration from or limitation of liability pursuant to 46 U.S.C. § 30501 *et seq.* In addition, Petitioner disputes that Claimant Kathleen Sandefur has a viable claim under controlling maritime law.

### III. SETTLEMENT DISCUSSIONS

The parties have started informal settlement discussions. The parties are also willing to explore settlement through informal dispute resolution after they have completed fact discovery. Claimants have not submitted a formal demand as Mr. Sandefur underwent another surgical procedure on April 21, 2016. Petitioner has not submitted any offers. However, Petitioner has stipulated for value of the vessel in the amount of $40, 250.00.

### IV. MANDATORY DISCLOSURES PURSUANT TO FED.R.CIV.P. 26(A)

The parties have met pursuant to Fed R. civ. P. 26(f) on May 6, 2016. Claimants have submitted their initial disclosures on May 13, 2016. Petitioner will submit their initial disclosures on May 25, 2016. The parties do not anticipate any problems completing their initial disclosures pursuant to Fed. R. Civ. P. 26 (a). The parties have not yet conducted discovery other than the above disclosures.

V.     **OTHER DISCOVERY**

The Parties are ready to begin conducting discovery following the Rule 16 conference on May 26, 2016.

VI.     **THE FOLLOWING IS THE PROPOSED JOINT DISCOVERY PLAN**

a. The parties intend to seek discovery on all claims and defenses involved in this matter and request that discovery be conducted in two phases: a phase for fact discovery and a phase for expert discovery.

b. The parties intend to complete fact discovery by ***November 30, 2016*** but each reserves their respective right, for good cause shown, to seek an Order of Court extending this deadline.

c. As to the expert phase, Claimants will make the disclosure(s) required by Rule 26(a)(2)(B) to all other parties on or before ***December 15, 2016*** and Petitioner will make his Rule 26(a)(2)(B) disclosures on or before ***January 16, 2017***. Depositions of all experts will be completed by***February 16, 2017***. As with the deadline for fact discovery, the parties each reserve their respective right, for good cause shown, to make an application to the Court for an Order extending any expert discovery deadline.

d. The Federal Rule of Civil Procedure 33 allows a party to serve only 25 written interrogatories on any other party. The parties propose to modify this rule to allow each party to serve on any other one party 25 written interrogatories during the fact phase of discovery and an additional 15 interrogatories during the expert phase of discovery. The parties do not believe that any other changes need be made to the limitations imposed under the Federal or Local Rule.

    e.    Each party will seek no more than ten (10) depositions.

    f.    The parties reserve the right to seek from each other discovery of electronically stored information and have agreed that such information should be produced in a cost-effective form in which it can be easily viewed and accessed by any other party.

    g.    The parties reserve the right to enter into a stipulation and seek from the Court a protective order, protecting from disclosure any of the documents, information, or other materials produced during discovery.

    h.    The parties agree that the deadline for joining other parties and amending pleadings shall be *July 1 2016*.

    I.    The parties anticipate that the matter will be ready for trial any time after *February 16, 2017* and any party may file and serve dispositive motions any time after *February 16, 2017*.  As with the discovery deadlines, the parties reserve their respective right, for good cause shown, to make an application to the Court for an Order extending the time in which this matter is ready for trial.

    j.    A pretrial conference may take place at any time after *February 28, 2017*.

## X. DISCOVERY PROBLEMS

The parties do not anticipate any discovery problems.

## XI. SPECIAL DISCOVERY NEEDS

The parties each reserve their respective right to conduct depositions telephonically or by video.

## XII. VOLUNTARY ARBITRATION, MEDIATION

After the close of fact discovery, the parties believe they will be in a better position to determine whether this case would benefit from voluntary arbitration or mediation.

### XIII.  BIFURCATION

This case is not appropriate for bifurcation.

### XIV.  INTERIM STATUS/SETTLEMENT CONFERENCE

The parties believe an interim status/settlement conference should be scheduled after fact discovery closes on *November 30, 2016*.

### XV.  MAGISTRATE JUDGE

The parties do not jointly consent to the trial being conducted by a Magistrate Judge.

**THIS ORDER** is agreed to by:

By its attorneys,

**BOCHETTO & LENTZ, P.C.**

Dated: May 17, 2016

By:  /s/ Vincent van Laar
      Gavin P. Lentz, Esquire
      Vincent van Laar, Esquire
      *Attorneys for Plaintiff*


By its attorneys,

Dated: May 17, 2016

By:  /s/ Guerric S.D.L. Russell
      Guerric S.D.L. Russell, Esquire
      *Attorney for Matthew Carson*


**IT IS SO ORDERED**.

Dated:

Hon. Karen M. Williams

T:\grussell\0-1202\jointdiscoveryplan (final).docx