IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

IN RE:

MATTHEW CARSON, As Owner of
the vessel Tammy Lynn, a 2005
28' Mako Model 284CC (HIN:
MRKTM064C505) for Exoneration
from or Limitation of
Liability,


                    Petitioner.

Civil No. 15-7388-NLH-KMW

**SCHEDULING ORDER**

        This Scheduling Order confirms the directives given to
counsel at the initial scheduling conference held pursuant to Rule
16, Federal Rules of Civil Procedure on **May 26, 2016**; and the Court
noting the following appearances:  **Guerric S.D. Russell**, **Esquire**,
appearing on behalf of the petitioner; and **Vincent Van Laar,
Esquire**, appearing on behalf of the claimants; and for good cause
shown:

        IT IS this **19th** day of **May, 2016**, hereby **ORDERED**:

        1.   Initial written discovery requests shall be served
by **June 13, 2016**.  Any responses, answers and objections to initial
written discovery requests shall be served in accordance with Court
Rules.

        2.   The time within which to seek amendments to the
pleadings or to add new parties will expire on **September 30, 2016**.

        3.   Pretrial  factual  discovery  will  expire  on
**November 30, 2016**.  All pretrial discovery shall be concluded by
that date.  All discovery motions and applications pursuant to L.
Cɪᴠ. R. 37.1(a)(1) shall be made returnable before the expiration
of pretrial factual discovery.

        4.   **Discovery Applications**. All discovery applications
pursuant to L. Civ. R. 37.1(a)(1) shall include an Affidavit or
Certification that includes the information identified in L. Civ.
R. 37.1(b)(1).  Absent exigent circumstances, the Court expects

parties to "meet and confer" in person or via telephone before making a discovery application, rather than just exchanging letters or e-mails.

      5. **Depositions**.  All depositions are to be conducted in accordance with the procedures set forth in the order of Judge Gawthrop, in <u>Hall v. Clifton Precision</u>, 150 F.R.D. 525 (E.D.Pa. 1993).

      The Court shall not permit at trial any witness testimony by video unless the witness is unavailable as set forth in FED. R. CIV. P. 32(a)(4).

      6. All expert reports and expert disclosures pursuant to FED. R. CIV. P. 26(a)(2) on behalf of claimant shall be served upon counsel for petitioner not later than **December 15, 2016**.  All expert reports and expert disclosures pursuant to FED. R. CIV. P. 26(a)(2) on behalf of petitioner shall be served upon counsel for claimant not later than **January 17, 2017**.  Each such report should be accompanied by the <u>curriculum</u> <u>vitae</u> of the proposed expert witness.  No expert opinion testimony shall be admitted at trial with respect to any witness for whom this procedure has not been timely followed.  Depositions of proposed expert witnesses shall be concluded by **February 16, 2017**.

      For purposes of this Scheduling Order, treating physicians shall not be considered expert witnesses and shall be treated as fact witnesses who are, however, required to provide reports and records concerning their treatment.  However, any doctor who is going to express an opinion as to the cause of a particular condition or as to the future prognosis of a particular condition, shall be considered an expert subject to the requirement of FED. R. CIV. P. 26(a)(2)(B).

      The parties shall also exchange, in accordance with the foregoing schedule, written statements identifying all opinion testimony counsel and the parties anticipate will be presented at trial pursuant to F. R. EVID. 701 and <u>Teen-Ed v. Kimball International, Inc.</u>, 620 F.2d 399 (3d Cir. 1980).

      The Court shall not permit at trial any witness testimony by video unless the witness is unavailable as set forth in FED. R. CIV. P. 32(a)(4).

      7. **Dispositive Motions**. Dispositive motions shall be filed with the Clerk of the Court no later than **March 23, 2017.** Opposition to the motion should be served in a timely fashion.

Counsel are to follow L. CIV. R. 7.1, 7.2, 56.1 and 78.1 (Motion Practice - Generally).

       8.  The Court will conduct a telephone status conference on **October 14, 2016 at 10:00 a.m.**  Counsel for plaintiff shall initiate the telephone call.

       9.  Any application for an extension of time beyond the deadlines set herein shall be made in writing to the undersigned and served upon all counsel prior to expiration of the period sought to be extended, and shall disclose in the application all such extensions previously obtained, the precise reasons necessitating the application showing good cause under FED. R. CIV. P. 16(b), and whether adversary counsel agree with the application. The schedule set herein will not be extended unless good cause is shown.

       **THE FAILURE OF A PARTY OR ATTORNEY TO OBEY THIS ORDER MAY RESULT IN IMPOSITION OF SANCTIONS UNDER FED. R. CIV. P. 16(f).**

                s/ Karen M. Williams
                KAREN M. WILLIAMS
                United States Magistrate Judge

cc:  Hon. Noel L. Hillman